IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-03837-RMR-NRN

MYKAELA MOORE,
SYDNEY GOMES,
SULLIVAN MOON,
KENNEDY HARA,
DRAKE HARMAN,
JARREL OKOROUGO, and
ANDREW ZIELINSKI,
on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,

Defendant.

---

**PLAINTIFFS' MOTION FOR RULE 23(b)(2) CLASS CERTIFICATION**

---

Plaintiffs hereby move, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), and District of Colorado Local Rule 7.1, for an order certifying the following Classes:

> **The Division I Transfer Class.** All persons in the United States who began to play in collegiate sports in the 2022–2023 season, competed in NCAA Division II or Division III sports, completed four years of eligibility as defined by the NCAA's prior rules by the conclusion of the 2025–2026 season, and are in the NCAA's Transfer Portal, and are therefore barred from transferring to a Division I school at which to compete for a fifth season due to the NCAA's adoption and implementation of the Division I Rule.
>
> **The Division II Class**. All persons in the United States who began to play in collegiate sports in the 2022–2023 season, competed in NCAA Division II sports, completed four years of eligibility as defined by the NCAA's prior rules by the conclusion of the 2025–2026 season, and are therefore barred from competing with a Division II school for a fifth season due to the NCAA's adoption and implementation of the Division II Rule.

This motion is based on the grounds that the proposed Classes are so numerous that joinder of all members is impracticable, there are questions of law and fact common to the Classes, the claims of the proposed Class Representatives are typical of the claims of the Classes, the Class Representatives and their counsel will fairly and adequately protect the interests of the Classes, Defendant's actions are based on grounds generally applicable to all class members, and final injunctive relief will be appropriate for the Classes as a whole.

This motion is based on the Complaint on file in this case, the supporting Memorandum of Points and Authorities, the declaration of Ruben Honik, the declaration of Joel G. Maxcy, Ph.D., and upon such oral and other documentary evidence as may be presented at the time of the hearing on this application.

DATED: August 28, 2026

Respectfully submitted,

By: */s/ Ruben Honik*

HONIK LLC
Ruben Honik
David J. Stanoch
1515 Market St., Suite 1100
Philadelphia, PA 19102
Tel: 267-435-1300
Email: ruben@honiklaw.com
Email: david@honiklaw.com

MORITT HOCK & HAMROFF LLP
Daniel Lust*
Lauren Bernstein*
400 Garden City Plaza
Garden City, NY 11530
Tel: 516-873-2000
Email: dlust@moritthock.com
Email: lbernstein@moritthock.com

M. Ryan Casey (Colorado Bar No. 45939)
THE CASEY LAW FIRM, LLC
P.O. Box 1055
Silverthorne, CO 80498
Tel: 970-372-6509
Email: ryan@rcaseylaw.com

Max S. Roberts
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: 646-837-7150
Email: mroberts@bursor.com

* *Admission pending*

*Attorneys for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF SERVICE

On this 28th day of August, 2026, I caused a true and correct copy of the foregoing to be filed and served on all counsel of record via the Court's CM/ECF system.

*/s/ David J. Stanoch*
David J. Stanoch